IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                               No. 2:10-cr-00098 EJG

        v.

RICKY LAMOUNT FLEMINGS, JR.,

        Defendant.                             <u>ORDER</u>

_____/

        Presently before the court is defendant's motion to compel a non-party, Experian, to produce records pursuant to a subpoena in a criminal case. (<u>See</u> Am. Notice of Mot., Dkt. No. 18.) Although Experian refused to produce the documents requested by defendant, Experian did not move to quash the subpoena and has not opposed defendant's motion to compel. Defendant's motion to compel was before the undersigned for a hearing on December 29, 2010. Attorney Tim A. Pori appeared on behalf of defendant. Assistant United States Attorney Paul Hemesath appeared on behalf of the government. No appearance was made on behalf of Experian. For the reasons stated below, the court grants defendant's motion to compel and orders Experian to produce to defendant or his counsel of record, Mr. Pori, a complete copy of defendant's credit report from inception, which may also include all written or oral inquiries or requests made to Experian by defendant.

        As represented to the court by defendant's counsel and as borne out by the Indictment in this case, defendant's credit history and credit report is potentially relevant to this case. None of the parties has disputed as much in the context of the pending motion. At the hearing on defendant's motion to compel, defendant's counsel represented to the court that he had attempted to obtain defendant's credit report without seeking a subpoena and without seeking a motion to compel production, but that Experian rejected those attempts.

        Thus, on August 23, 2010, this court issued a Subpoena In A Criminal Case ("Subpoena") as requested by defendant. (Subpoena, Ex. A to Mot. to Compel.) Through the Subpoena, defendant sought from Experian "[a] complete copy of the credit history of Ricky Flemings." (Decl. In Supp. of Subpoena Duces Tecum at 1:9-11, Ex. A to Mot. to Compel.) Defendant's Proof of Service indicates that on September 7, 2010, defendant served Experian with the Subpoena "by mail per agreement with Experian." (Proof of Serv., Ex. A to Mot. to Compel.) Pursuant to the Subpoena, Experian was obligated to appear and produce defendant's credit report on September 30, 2010, at 9:00 a.m. (Subpoena at 1.)

        On September 16, 2010, Experian's custodian of records, Rick V. Haas, responded to the Subpoena and refused to produce defendant's credit report. (Ex. B. to Mot. to Compel.) Briefly stated, it appears that Experian will not comply with the Subpoena, or any request for defendant's credit report made by defendant or his counsel, without a court order because Experian believes that it could be sued for violating privacy provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), if it complied with the Subpoena absent a court order. (Id.) As a result of Experian's refusal to produce defendant's own credit report to defendant's counsel, defendant filed the pending motion to compel.

        Setting aside whether a subpoena issued pursuant Federal Rule of Criminal Procedure 17(c) was the most appropriate means by which to obtain discovery in this case given the present procedural posture of this case, it cannot be reasonably disputed that Experian may permissibly provide defendant's credit report to defendant and his counsel consistent with the

FCRA.[1]  In relevant part, 15 U.S.C. § 1681b, which addresses "permissible purposes of consumer reports," provides:

> (a) In general
>
> Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (1) *In response to the order of a court having jurisdiction to issue such an order*, or a subpoena issued in connection with proceedings before a Federal grand jury.
>
> (2) *In accordance with the written instructions of the consumer to whom it relates*.

15 U.S.C. § 1681b(a) (emphasis added).

Here, it is clear that *defendant is the consumer* to whom the requested credit report pertains, and defendant's counsel requested the credit report on defendant's behalf through the Subpoena and by other means.  It is unclear why Experian refused to provide defendant or his counsel with defendant's own credit report, but the plain language of Section 1681b(a)(2) authorizes the furnishing of defendant's credit report to defendant, and Experian has not asserted a proper or persuasive basis for withholding the credit report simply because defendant's counsel made the request.  Accordingly, Experian is ordered to provide defendant and/or his counsel with a copy of defendant's credit report.[2]

To the extent that Experian withheld defendant's credit report from defendant's

---

[1] Of course, Experian did not file an opposition to, or appear at the hearing to contest, defendant's motion.  At the hearing, the government's counsel represented to the court that the government "has no dog in this fight."

[2] It was initially unclear to the undersigned after reading defendant's moving papers why defendant had not simply sought his credit report informally, i.e., by submitting defendant's written instructions to Experian instead of seeking the issuance of a subpoena.  However, at the hearing on defendant's motion to compel, defendant's counsel represented that he had tried other means of obtaining the credit report short of the Subpoena, but that Experian refused to cooperate with his requests.  It would appear that Experian had no basis for objecting to defendant's counsel's informal requests for defendant's credit report in light of Section 1681b(a)(2).

counsel because Experian believed that a subpoena is not an "order signed by the court," this order should resolve Experian's concerns.  This order is signed by the court and directs Experian to produce defendant's credit report to defendant and/or his counsel.  Accordingly, Experian may also permissibly produce defendant's credit report pursuant to 15 U.S.C. § 1681b(a)(1).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (Dkt. Nos. 15, 18) is granted.

2. Experian shall produce to defendant *or his attorney*, Tim A. Pori, a complete copy of defendant's credit report from inception, which may also include all written or oral inquiries or requests made to Experian by defendant.  Experian shall produce these records within seven (7) calendar days of service of this order on Experian by defendant or his attorney.

IT IS SO ORDERED.

DATED:  December 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE