IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **United States of America** | No. 2:10-CR-00098 EJG |
| **Plaintiff** | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **Ricky L. Flemings** | |
| **Defendant** | |
| _____/ | |

IT IS HEREBY STIPULATED by and between Defendant Ricky L. Flemings ("Defendant") and Non-Party Experian Information Solutions ("Experian"), in counterparts, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced, or exhibited by, among and through Defendant and non-party Experian to this action relating to trade secrets, confidential or other proprietary information belonging to Experian.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      The Defendant may produce or file documents or other materials in this action by designating such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, Defendant shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including other parties and defendants for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.      Except with the prior written consent of Experian or pursuant to Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this order and may not be disclosed to any person other than: (1) the Court and its officers; (b) fact witnesses and/or expert witnesses subject to a proffer to the Court or a stipulation that such witnesses need to know such information; (c) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (d) to the Plaintiff in this action or to its attorneys, only upon the execution of a stipulation or confidentiality agreement whereby the

Plaintiff and its attorneys agree to be bound by the terms of this Order which govern the treatment of documents or other information deemed "Confidential."

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by Defendant and Experian to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within ninety (90) days after final termination of this litigation, Defendant will destroy, and will provide written confirmation to Experian of the destruction of, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials of the individual or entity having produced or furnished same.

10. In the event that any party to this Order disagrees at any point in these proceedings

with any designation made under this Stipulated Protective order, the parties shall first try to resolve such disputes in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Stipulated Protective Order.

      11.    Nothing herein shall affect or restrict the rights of Defendant with respect to his own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

Dated:  May 27, 2011         /s/ Ann Sterling, Esq.
      Ann Sterling, Esq.
      EXPERIAN
      475 Anton Blvd.
      Costa Mesa, California   92627

Dated:  May 27, 2011         /s/ Tim A. Pori
      Tim A. Pori, Esq.
      Law Offices of Tim A. Pori
      Counsel for Defendant Ricky L. Fleming

IT IS SO ORDERED.

Dated:  June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

## ATTORNEY ATTESTATION

    I, Tim A. Pori, hereby attest that am in possession of the holographic signature of Ann Sterling, Esq., on the original of the within document and that said document is available for inspection and copying at my office located at 521 Georgia Street, Vallejo, California.

                                       /s/ Tim A. Pori