BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LAMONT FLEMINGS,<br><br>Defendant. | CASE NO.  2:10-CR-0098 WBS<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING TRIAL TO OCTOBER 28, 2014** |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial to commence on March 25, 2014, with a trial confirmation hearing on February 24, 2014.

2. By this stipulation, the parties now moves to continue the trial to October 28, 2014 at 9:00 a.m., with a trial confirmation hearing to be held on September 22, 2014 at 9:30 a.m., and to exclude time between March 28, 2014, and October 28, 2014, under Local Code T4.

///

///

///

3.  The parties agree and stipulate, and request that the Court find the following:

   a.  The defendant was indicted and the case assigned to Judge Garcia on March 11, 2010.  C.R. 1.  The defendant was arraigned on April 7, 2010.  C.R. 5.  On April 6, 2012, the defendant pleaded guilty before Judge Garcia to Counts One and Two of the Indictment.  C.R. 38.  On October 30, 2012, the case was reassigned to this Court.  C.R. 47.  On April 15, 2013, the Court granted the defendant's motion to withdraw his guilty plea.  C.R. 57.  New counsel was appointed for the defendant on April 22, 2013.  C.R. 58.  On May 28, 2013, the case was set for trial to commence on November 13, 2013.  C.R. 59.  On October 15, 2013, the Court granted the parties' motion to continue the trial date to March 28, 2014.  C.R. 61.

   b.  The government has represented that the discovery associated with this case includes approximately 1,900 pages of discovery.  Included with this discovery is a significant number of financial records relating to accounts the United States believes were opened by the defendant.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The defendant has served a number of subpoenas for documentary evidence.  Some of this evidence may be offered at trial.

   c.  The defendant may also seek to compel the attendance of several witnesses at trial.  To this end, given the defendant's indigent status, funding for these witnesses must be approved by the Court prior to service of subpoenas.  In addition, Defense Counsel is attempting to coordinate with these witnesses to ensure their availability at the trial.  To date, subpoenas for defense witnesses have not been served.

   d.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e. The requested continuance of the trial date is based upon the parties' need to prepare. In addition, both counsel have matters set through the Spring and Summer of 2014. Accordingly, in the event a continuance is granted, the first reasonably available date for both counsel to be ready to try this case is October 28, 2014. As such, in order to ensure continuity of both the Assistant United States Attorney assigned to this case and Defense Counsel, a continuance until October 28, 2014, is required.

  f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the time period of March 28, 2014, to October 28, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results from a continuance granted by the Court at parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. The parties are aware that the Court has several other matters set for trial to commence on March 28, 2014. The parties have spoken with the Assistant United States Attorney assigned to prosecute <u>United States v. Rottevaal</u>, 2:11-cr-00447 WBS, and believe that allowing the <u>Rottevaal</u> case to proceed would be a more efficient use of the Court's resources. This is so because there remains the possibility for plea agreement in this case, and the additional time afforded to the parties by this continuance will allow them to continue to work on resolving this case without proceeding to trial.

///
///
///
///
///

1 ///

2     5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 19, 2014            Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

By:   */s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

Dated: February 19, 2014            */s/ Kyle Reardon* for
SCOTT CAMERON
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICKY LAMONT FLEMINGS,<br><br>　　　　Defendant. | CASE NO.  2:10-CR-0098 WBS<br><br>**ORDER CONTINUING TRIAL FROM MARCH 28, 2014, UNTIL OCTOBER 28, 2014** |

　　　　The parties' stipulation is approved and so ordered.  The trial date is continued to October 28, 2014 at 9:00 a.m., and the Trial Confirmation Hearing is continued to September 22, 2014 at 9:30 a.m.  The time beginning March 28, 2014, until October 28, 2014, is excluded from the calculation of time under the Speedy Trial Act.  For the reasons contained in the parties' stipulation, this exclusion is appropriate to ensure effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv); Local Code T4.  The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

Dated:  February 19, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE